**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Orlando PEREZ, Appellant.**

**No. 3376 EDA 2005.**

Superior Court of Pennsylvania.

Argued June 27, 2007.

Filed Aug. 8, 2007.

Stanley R. Krakower, Philadelphia, for appellant.

Samuel H. Ritterman, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: TODD, GANTMAN, and KELLY, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Orlando Perez, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his conviction for possession with intent to deliver a controlled substance ("PWID"),[1] criminal conspiracy,[2] and related drug offenses. We affirm.

¶ 2 The relevant facts and procedural history of this appeal are as follows. Officer Larry Tilghman of the Narcotics Strike Force was on duty conducting undercover surveillance of Appellant, who was standing directly in front of Arthur Maddox's home at 2825 North Swanson Street. On May 14, 2002, at approximately 10:05 a.m., Officer Tilghman observed an individual, Kevin Kissings, approach Appellant. Appellant reached into his pocket and pulled out some blue items which he exchanged with Kissings for money. Officer Tilghman radioed Kissings' description to other officers in the area who stopped and searched him. Kissings had three (3) blue packets of heroin stamped with the words "Good Fellows" in his possession.

¶ 3 Fifteen minutes later, Officer Tilghman observed an individual, Juan Cruz, approach Appellant outside of 2825 North Swanson Street. As before, Appellant exchanged with Cruz some blue items for money. Officer Tilghman again notified officers of Cruz's description so they could stop and search him. Cruz had two (2) blue packets of heroin in his possession stamped with the words "Good Fellows."

¶ 4 At approximately 10:35 a.m., Maddox exited his home and gave Appellant another handful of blue packets. Appellant put these packets in his pocket and gave money to Maddox. Maddox entered the passenger seat of a car parked directly in front of his house. Maddox sat in the car and watched Appellant, who remained in front of the house at 2825 North Swanson Street. Ten minutes later, another individual, Raymond Danonhower, approached Appellant and handed Appellant money in exchange for blue items. Officers stopped Danonhower in a manner similar to Kissings and Cruz, and found two (2) blue packets of heroin stamped with the words "Good Fellows."

¶ 5 When Appellant saw a marked police vehicle drive by, he walked over to the car where Maddox was sitting and gave Maddox a handful of blue packets and money. Appellant then walked to the end of the block, looked around, and returned to

---

1. 35 P.S. § 780–113(a)(30).

2. 18 Pa.C.S.A. § 903.

Maddox. Maddox exited the car. Appellant and Maddox had a brief conversation and walked to the east side of the street, where they were arrested by police officers. The officers found $8.00 in Appellant's possession and $975.00 on Maddox. The officers inspected the car in which Maddox had been sitting and saw thirteen (13) blue packets of heroin[3] with the "Good Fellows" mark and a bag of marijuana on the seat.

¶ 6 The officers obtained and executed a search warrant on the house at 2825 North Swanson Street. The police found twenty-six (26) packets of heroin[4] with blue glassine inserts stamped "Good Fellows," eight (8) yellow packets and one (1) clear packet of marijuana, $207.00 in cash, and a radio scanner tuned to a police frequency. Appellant sold a total of 0.3 grams of heroin to Kissings, Cruz, and Danonhower.

¶ 7 On June 22, 2005, following a bench trial, the court found Appellant guilty of PWID, criminal conspiracy, and related drug offenses. The court imposed a sentence of two (2) to four (4) years' imprisonment,[5] the mandatory minimum sentence allowed, based on a finding that Appellant possessed more than one gram of heroin with intent to deliver. Appellant timely filed his appeal on November 21, 2005. The court requested a Rule 1925(b) statement on February 23, 2006. Appellant timely filed his Rule 1925(b) statement on March 8, 2006.

¶ 8 Appellant raises three issues for our review:

3. The record does not reveal the weight of the heroin found in the car.

4. The weight of the heroin found in the house was 0.863 grams.

5. The total amount of heroin recovered was approximately 1.145 grams. This total includes the heroin sold by Appellant (0.3

DID THE COMMONWEALTH SHOW SUFFICIENT EVIDENCE TO PROVE APPELLANT'S POSSESSION, ACTUAL OR CONSTRUCTIVE, OF MORE THAN 1 [GRAM] OF HEROIN?

WAS THE COMMONWEALTH'S EVIDENCE SUFFICIENT TO PROVE, BEYOND A REASONABLE DOUBT, A CONSPIRACY BETWEEN APPELLANT AND ARTHUR MADDOX RELATING TO THE CONTRABAND WITHIN THE PREMISES AT 2825 N. SWANSON STREET, PHILADELPHIA?

WHERE THE EVIDENCE SHOWS APPELLANT TO HAVE BEEN GUILTY AT MOST OF DELIVERY, OR POSSESSION WITH INTENT TO DELIVER, HEROIN BASED MATERIAL HAVING A TOTAL WEIGHT OF 0.30 [GRAMS], IS A MANDATORY MINIMUM SENTENCE OF TWO TO FOUR YEARS PURSUANT TO 18 PA. C.S.A § 7508(a)(7)(i) APPROPRIATE?

(Appellant's Brief at 2).

¶ 9 When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evi-

grams) and the heroin in 2825 North Swanson Street (0.863 grams), but not the thirteen (13) packets of heroin found in the car. Appellant was subject to a mandatory sentence pursuant to 18 Pa.C.S.A § 7508, because he and his co-conspirator were in possession of more than 1 gram of heroin. The Commonwealth gave timely notice of its intent to invoke the mandatory sentence.

dence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120–21 (Pa.Super.2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super.2003)).

¶ 10 In his first issue, Appellant argues the police did not see Appellant enter or exit the house at 2825 North Swanson Street, and at the time of his arrest he was not in possession of any contraband. Appellant claims he did not have keys to the house. The house contained no evidence that Appellant had ever been inside or resided there. Moreover, Appellant contends the Commonwealth did not present any evidence that he had any knowledge of the heroin in the house. Appellant argues there was no evidence Appellant had access to the drugs in the house. Thus, Appellant concludes the evidence did not give rise to any inference of Appellant's actual or constructive possession of the drugs found inside the house.

¶ 11 Appellant's first issue also implicates his second issue. Appellant argues police witnessed Appellant make only one purchase of drugs from Maddox. Appellant avers there was no evidence presented that any other retailers were involved with Maddox, or that Appellant knew or should have known that any other retailers were involved with Maddox. Appellant contends there was nothing to show Maddox was involved with any drug transactions with anyone other than Appellant. Appellant contends the Commonwealth's evidence indicates a single drug transaction between Maddox and Appellant, which was unrelated to any possible interaction between Maddox or Appellant and any other persons. Appellant concludes the evidence is insufficient to establish a conspiracy between Appellant and Maddox. We disagree.

¶ 12 The Controlled Substance, Drug, Device and Cosmetic Act prohibits PWID as follows:

**§ 780–113. Prohibited acts; penalties**

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

* * *

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780–113(a)(30). "To establish the offense of possession of a controlled substance with intent to deliver, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a

controlled substance with the intent to deliver it." *Commonwealth v. Kirkland,* 831 A.2d 607, 611 (Pa.Super.2003), *appeal denied,* 577 Pa. 712, 847 A.2d 1280 (2004). The intent to deliver can be inferred from an examination of the surrounding facts and circumstances. *Id.* (citing *Commonwealth v. Conaway,* 791 A.2d 359, 362–63 (Pa.Super.2002)). "Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant." *Kirkland, supra* at 611.

¶ 13 The Commonwealth has the option to establish actual or constructive possession. *Commonwealth v. Bricker,* 882 A.2d 1008, 1014 (Pa.Super.2005).

> Constructive possession requires proof of the ability to exercise conscious dominion over the substance, the power to control the contraband, and the intent to exercise such control. Constructive possession may be established by the totality of the circumstances. We have held that circumstantial evidence is reviewed by the same standard as direct evidence- a decision by the trial court will be affirmed so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt.

*Id.* (internal citations omitted).

¶ 14 Section 903 of the Pennsylvania Criminal Code provides:

### § 903. Criminal conspiracy

(a) **Definition of conspiracy.**—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

> (1) agrees with such other person or persons that they or one of more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903. Further:

> Circumstantial evidence may provide proof of the conspiracy. The conduct of the parties and the circumstances surrounding such conduct may create a "web of evidence" linking the accused to the alleged conspiracy beyond a reasonable doubt. Additionally:
>
>> An agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

*Commonwealth v. Jones,* 874 A.2d 108, 121–22 (Pa.Super.2005) (quoting ***Commonwealth v. Greene,*** 702 A.2d 547, 554 (Pa.Super.1997)) (internal citations omitted).

¶ 15 "While the Commonwealth is not required to prove a written or express agreement, a tacit agreement must be established by reasonable inferences arising from the facts and circumstances and not by mere suspicion or conjecture." *Commonwealth v. Savage,* 388 Pa.Super. 561, 566 A.2d 272, 276 (1989). Circumstances like an association between alleged conspirators, knowledge of the commission of the crime, presence at the scene of the crime, and/or participation in the object of the conspiracy, are relevant when taken together in context, but individually each is insufficient to prove a conspiracy. *Commonwealth v. Swerdlow,* 431 Pa.Super.

453, 636 A.2d 1173, 1177 (1994) (citations omitted).

> [A] single purchase of drugs **for resale** from an importer or wholesaler may, under the totality of circumstances, demonstrate sufficient participation to make the retailer a member in the broader conspiracy of the wholesaler or importer. If a retailer knew, **or has reason to know,** that other retailers were involved with the organization in a broad project for trafficking in illegal narcotics, and had reason to believe that his or her own benefits derived from the operation were probably dependent on the success of the entire venture, then a jury could properly find that each had agreed to the overall scheme. Even if the separate retailers purchasing from the same source were considered independent of each other, and *vis-à-vis* other retailers were deemed to be members of different lesser conspiracies, the retailer might still be bound as a coconspirator vertically to all those in the broader drug trafficking network performing separate, necessary tasks in furtherance of the common scheme which results in delivery of illegal drugs to the retailer for resale.

*Savage, supra* at 280–81. In *Commonwealth v. Holt,* 711 A.2d 1011 (Pa.Super.1998), *appeal denied,* 566 Pa. 644, 781 A.2d 145 (2001), this Court declined to address whether the defendant constructively possessed a controlled substance:

> because the [defendant's] conviction for possession with intent to deliver the drugs found in the green bag stemmed from his conviction for criminal conspiracy. In other words, when the [defendant] was convicted of conspiracy to possess with intent to deliver the drugs in the green bag, he is also culpable for the crime itself, that is possession with intent to deliver cocaine.

*Id.* at 1017. As such, successful proof of a conspiracy makes each co-conspirator fully liable for all of the drugs recovered, without the necessity of proving constructive possession. *Id.*

¶ 16 Instantly, officers observed Appellant exchange heroin with blue glassine inserts stamped "Good Fellows" to individuals on the street for money directly in front of Maddox's home. Maddox exited his home; Appellant gave the proceeds of those transactions to Maddox in exchange for more identically packaged heroin. After this exchange with Maddox, Appellant sold more heroin to a third individual on the street in front of Maddox's house. Upon seeing a marked police vehicle, Appellant walked over to a car where Maddox was sitting and put the heroin packets and money in the car. *See* 18 Pa.C.S.A. § 903, supra; *Jones, supra; Swerdlow, supra; Savage, supra.* Thus, the Commonwealth presented sufficient evidence to prove a conspiracy between Maddox and Appellant to sell heroin. Because the Commonwealth proved conspiracy, it did not have to prove Appellant's constructive possession of the drugs found in Maddox's home. As a result of the conspiracy, the drugs in the home were fully attributable to Appellant as well as Maddox. *See Holt, supra.*

¶ 17 In his last issue, Appellant argues the heroin found in the house at 2825 North Swanson Street should not have been attributed to him, because the Commonwealth failed to prove either conspiracy between Appellant and Maddox or constructive possession of the 0.863 grams of heroin in the house. Appellant concludes he should have been sentenced pursuant to the sentencing guidelines and not to the mandatory minimum provisions of 18 Pa. C.S.A § 7508(a)(7)(i). We disagree.

¶ 18 Section 7508 of the Crimes Code provides:

§ 7508 **Drug trafficking sentencing and penalties**

(a) **General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

\* \* \*

(7) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is heroin shall, upon conviction, be sentenced as set forth in this paragraph:

(i) **when the aggregate weight of the compound or mixture containing the heroin involved is at least 1.0 gram but less than 5.0 grams the sentence shall be a mandatory minimum term of two years in prison** and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: a mandatory minimum term of three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

18 Pa.C.S.A. § 7508(a)(7)(i). Additionally: The initial determination of whether the Commonwealth proves that the mandatory minimum applies under Section 7508 is reserved by statute for the sentencing court. Thus, resolving whether the weight of the drug triggers application of the mandatory minimum requires the judge to sit as a fact-finder, necessitating credibility determinations. **If the court then finds the requirements of section 7508 are established, it does not have the discretion to impose a** sentence less severe than that mandated by the legislature.

*Commonwealth v. Myers,* 554 Pa. 569, 576, 722 A.2d 649, 652 (1998) (internal citation and footnote omitted) (emphasis added).

¶ 19 Instantly, the evidence established Appellant and Maddox conspired to sell heroin. Appellant was liable for the 0.3 grams of heroin he sold on the street in front of Maddox's house and the 0.863 grams of heroin recovered from inside Maddox's house at 2825 North Swanson Street The Commonwealth timely requested the mandatory minimum sentence enumerated under Section 7508(a)(7)(i). Given the aggregate weight of heroin found on Appellant and Maddox, the court imposed the minimum sentence of two (2) years' imprisonment. Thus, the court properly sentenced Appellant pursuant to Section 7508. *See* 18 Pa.C.S.A. § 7508(a)(7)(i); *Myers, supra.* Accordingly, we affirm the judgment of sentence.

¶ 20 Judgment of sentence affirmed.

¶ 21 \*JUDGE KELLY CONCURS IN THE RESULT.