J-S28024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MIGUEL LAUREANO | |
| Appellant | No. 1961 EDA 2015 |

Appeal from the Judgment of Sentence June 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010147-2011

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED MAY 04, 2016**

Miguel Laureano appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following a non-jury trial in which he was convicted of rape of a child,[1] involuntary deviate sexual intercourse with a child,[2] aggravated indecent assault of a child,[3] unlawful contact with a minor,[4] and related offenses. After review, we affirm on the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(c).

[2] 18 Pa.C.S. § 3123(b).

[3] 18 Pa.C.S. § 3125(b).

[4] 18 Pa.C.S. § 6318(a)(1).

basis of the opinion of the Honorable Gwendolyn Bright, dated October 9, 2015.

Complainant, Y.R., resided with Laureano and his wife, Luz Moralez, from the time she was approximately six to eleven years of age. During this time, Y.R.'s mother was incarcerated. Moralez previously had been Y.R.'s babysitter. Y.R. testified that while living with Laureano and Moralez, Laureano sexually assaulted and raped her on a regular basis. At trial, Y.R. testified to numerous incidents in which Laureano penetrated her vagina with his penis or fingers or otherwise inappropriately touched her. Laureano was convicted of the aforementioned crimes and was sentenced on June 17, 2015, to 25 to 50 years' incarceration, to be followed by seven years of probation.

Laureano filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Laureano challenges the sufficiency of the evidence, specifically arguing that the vagueness of the dates of the alleged misconduct precludes his convictions.

Our standard of review in assessing a challenge to the sufficiency of the evidence is well-settled. "The standard we apply in reviewing the sufficiency of the evidence is whether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa.

Super. 2013). "Any doubts concerning an appellant's guilt [are] to be resolved by the trier of fact unless the evidence was so weak and inconclusive that no probability of fact could be drawn therefrom." *Commonwealth v. West*, 937 A.2d 516, 523 (Pa. Super. 2007). Further, "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Perez*, 931 A.2d 703, 707 (Pa. Super. 2007).

Here, Laureano's sufficiency argument that the Commonwealth failed to provide the precise date and time of each criminal act is without merit because the record indicates that Laureano repeatedly sexually assaulted the victim over a period of time. *See Commonwealth v. G.D.M., Sr.*, 926 A.2d 984, 990 (Pa. Super. 2007) ("Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a **continuous course of criminal conduct**[,]" such as sexual abuse of a child (emphasis added)). Thus, Laureano's argument is unavailing.

We find that Judge Bright's opinion, dated October 9, 2015, effectively addresses Laureano's claims based upon the sufficiency of the evidence, and we affirm on that basis. We direct the parties to attach a copy of the trial court's opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2016

Circulated 04/07/2016 09:42 AM

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

**FILED**

OCT 9 2015

Criminal Appeals Unit
First Judicial District of PA

v.

MIGUEL LAUREANO

CP-51-CR-0010147-2011



CP-51-CR-0010147-2011 Comm. v. Laureano, Miguel
Opinion

7355285311

SUPERIOR COURT OF PENNSYLVANIA
1961 EDA 2015

OPINION

BRIGHT, J.

On June 25, 2011 Appellant was arrested and charged with Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child, Aggravated Indecent Assault of a Child, Sexual Assault, Unlawful Contact with a Minor, and related offenses. On July 30, 2012 following a bench trial before this Court Appellant was adjudged guilty of those crimes and on June 17, 2015 he was sentenced to a lengthy term of imprisonment followed by probation. This timely appeal followed on June, 19, 2015.

Pursuant to Pa.R.A.P. 1925(b) Appellant was instructed to file a Statement of Errors Complained Of On Appeal. Appellant responded complaining that the evidence is insufficient to sustain the verdicts and that the verdict is contrary to the weight of the evidence.

FACTS

From approximately the age of six (6) years to eleven (11) years Complainant, YR, resided with Luz Moralez and Appellant, her husband, in the Huntingdon section of Philadelphia,

APPENDIX B

1

PA. N.T. 3/16/2015 @ 6, 9.[1] During that time YR's mother was incarcerated. Moralez had been YR and her sibling's babysitter while their mother worked prior to being incarcerated and the children were in Moralez and Appellant's care until YR's mother was released from prison. Id. @ 9-10.

YR testified that while in Moralez' custody she was the victim of multiple acts of sexual assault and rape perpetrated by Appellant. Complainant stated that Appellant perpetrated numerous inappropriate sexual acts before her mother was incarcerated while Moralez' was babysitting for the child when YR was between four (4) and six (6) years old. Id. @ 9-13. YR described one particular incident during this period while she was asleep on the living room couch in Moralez' home when Appellant inserted his fingers into her vagina. Id. @ 11-13. She stated that Appellant often played with her, bouncing YR on his lap, particularly on his private parts. Id. @ 16.

At age six (6) years Complainant went to live with Appellant and his wife and YR remained until her mother was released from prison when Complainant was eleven (11) years old. Complainant testified that during this period Appellant constantly sexually assaulted and raped her. Id. @ 18-19.

YR specifically described several incidents that occurred at the Tioga Street home. She testified that she was afraid when Moralez was not a home and would lock herself in her room as soon as she returned home from school as a result of her fear of the appellant's assaults. On one occasion after Moralez left the house to go to work Complainant quickly ran to her room but found the door to her bedroom door locked. She went into Appellant's bedroom to get the spare

---

[1] "N.T." refers to Notes of Testimony taken at the bench trial before the Honorable Gwendolyn N. Bright on November 11, 2014 and March 16-17, 2015, and the sentencing on June 17, 2015. The specific page to which reference is made follows the notation "N.T".

key that was kept in a closet whereupon Appellant entered the room and blocked the door. Complainant jumped onto the bed and attempted to escape, however Appellant grabbed Complainant by the leg and trapped her under his body. Id. @ 35. He removed his pants and then removed Complainant's pants and while she attempted to fight Appellant off of her, he was rubbing his penis on her. Id. @ 38-39.

Complainant described another incident while she was in the bathroom of the house when Appellant came in, grabbed her, and put her on the washing machine. Complainant struggled with Appellant and he pulled her by the hair and threw her onto the floor. Id. @ 39-41. She testified that Appellant asked her to put his penis in her mouth but that she refused. Id. @ 41-42. Appellant then took Complainant to his bedroom, removed her clothing, and inserted his penis into her vagina. Id. @ 43. She stated that on several occasions Appellant penetrated her vagina with his fingers and his penis, and that he put his mouth on her vagina. Id. @ 44.

She testified that on yet another occasion she and Appellant were in the living room of the house on Tioga Street and Appellant put porn on the VCR and instructed her to watch. Id. @ 45. He then grabbed the complainant and pulled her towards him. Complainant told Appellant to get away from her; however he grabbed her and began moving side to side on her rear end. Id. Appellant then threw Complainant onto the couch and penetrated her vagina. Id. @ 46.

Complainant explained that Appellant gave her a lot of expensive gifts and money. Id. He took her shopping and to the movies and was overprotective of her. Id. She further explained that Appellant threatened to do harm to her and to kill her if she ever reported the incidents of sexual abuse. Id. @ 51. She stated that the church played a big part of her early life and that after Appellant's various acts of assault and rape he would apologize and ask her for forgiveness, saying that the Bible commanded that she do so and that she not report his acts to anyone. Id.

3

During her eleventh (11th) year, Complainant was returned to the custody of her mother and Appellant's acts of sexual assault ceased. Complainant did not report the incidents, however, until she was sixteen (16) years old when she confided in her cousin Gabriel. Id. @ 56-57, 61, 71. Gabriel told Complainant's grandmother, Raquel Soto, and his mother, Marisol, of the rapes and sexual assaults and Complainant was then taken to St. Christopher's Hospital. Id. @ 61-63.

Dr. Maria McColgan, Director of the Child Protection Program at St. Christopher's Hospital for Children, testified that on April 14, 2011 Complainant presented to the emergency room of the hospital for evaluation of rape and sexual abuse that occurred several years prior. Id. @ 73-74, 80. Complainant explained to emergency room personnel that she had been raped by Appellant and she described the incidents of sexual abuse. Id. @ 80-81.

Philadelphia Police Officer Christopher Jackson testified that on April 14, 2011 he and his partner responded to a radio call and proceeded to the emergency room of St. Christopher's Children's Hospital, Philadelphia, PA where they took a report of rape and sexual abuse from the then sixteen (16) year old YR and transported her to the Philadelphia Police Department Special Victim Unit where she gave a formal statement. N.T. 11/10/2014 @ 11, 13.

## DISCUSSION

Appellant first complains that the verdict was based on insufficient evidence as the Commonwealth failed to establish the date and time of each illegal occurrence thereby depriving Appellant his rights under rights under Article I section 9 of the Constitution of Pennsylvania and the Sixth Amendment to the Constitution of the United States. This claim is without merit.

In *Commonwealth v. G.D.M., Sr.*, 2007 PA Super 169, 926 A.2d 984 (Pa. Super. 2007) the Superior Court of Pennsylvania, citing *Commonwealth v. Groff*, 378 Pa. Super. 353, 548 A.2d 1237 (Pa. Super. 1988), held that the Commonwealth must be afforded broad latitude when

4

attempting to fix the date of offenses which involve a continuous course of criminal conduct and that the due process concerns of Article I section 9 of the Constitution of Pennsylvania and the Sixth Amendment to the Constitution of the United States are satisfied where the victim can fix the times when an ongoing course of molestation commenced and when it ceased. *Commonwealth v. G.D.M., Sr., supra,* 926 A.2d @ 990-991. Here, as in *G.D.M., Sr.,* the Commonwealth presented evidence that Appellant's acts of rape and sexual abuse occurred when Complainant was between the ages of six (6) and eleven (11) during which time, due to the incarceration of Complainant's mother, she was put in the custody of Appellant and his wife. The Commonwealth showed that Appellant engaged in a continuous course of criminal conduct during that time period. This young victim "cannot be expected to remember each and every date and time upon which she was victimized, especially where those events are numerous and occur over an extended period of time." *Commonwealth v. G.D.M., Sr., supra.* Error was not committed.

Appellant also complains that the verdict was based on insufficient evidence and was contrary to the weight of the evidence. This claim is without merit.

The standard applied when reviewing a claim of insufficient evidence is well established.

"The standard [that is applied] in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. In applying the above test, [the appellate court] may not weigh the evidence and substitute our judgment for that of the fact-finder. ... (T)he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. (Citations and quotations

marks omitted). *Commonwealth v. Bricker*, 2012 PA Super 75, 41 A.3d 872 (Pa. Super. 2012).

In the instant case, Appellant was found guilty of Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child, Aggravated Indecent Assault, Sexual Assault, and Unlawful Contact with a Child. 18 Pa.C.S.A. § 3121(c) provides that a person commits the offense of rape of a child when the person engages in sexual intercourse with a complainant who is less than 13 years of age. 18 Pa.C.S.A. § 3121(c) defines 'sexual intercourse' and provides that in addition to its ordinary meaning, sexual intercourse includes intercourse *per os or per anus*, with some penetration however slight, and that emission is not required.

18 Pa.C.S.A. § 3125 provides, in pertinent part, as follows:

"§ 3125. Aggravated indecent assault

(a)     Offenses defined... a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

(b)     (7) the complainant is less than 13 years of age ..."

18 Pa.C.S.A. § 4304 defines Endangering the Welfare of Children.

"§ 4304. Endangering welfare of children

(a) Offense defined.—

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.
(2) As used in this subsection, the term "person supervising the welfare of a child" means a person other than a parent or guardian that provides care, education, training or control of a child."

18 Pa.C.S.A. § 3122.1(b) provides:

§ 3122.1. Statutory sexual assault

6

(b) ... A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other.

Finally, 18 Pa.C.S.A. § 6318 provides that "whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree." 18 Pa.C.S.A. § 6318(1)(i).

Here, there is more than sufficient evidence to support the verdict that Appellant is guilty of the crimes charged. The Commonwealth presented the testimony of the complainant who testified of multiple incidents of rape, sexual assault, indecent deviate sexual intercourse, aggravated indecent assault and unlawful contact with a child that occurred while she was between the ages of six (6) and eleven (11) years of age and that Appellant is eleven years older than Complainant. The credible evidence is that Appellant engaged in a course of criminal conduct that involved multiple incidents of Appellant inserting his finger and his penis into the minor Complainant's vagina and other acts of sexual abuse, endangering the welfare of a child, and corruption of a minor. The evidence is more than sufficient to support the verdict. Error was not committed.

## CONCLUSION

For the foregoing reasons, the Judgment of Sentence should be affirmed.

BY THE COURT:

BRIGHT, J.

DATE: 10/9/15

7