J-S85022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAIME FRANCESCHI JR . | : | |
| | : | |
| Appellant | : | No. 1936 EDA 2014 |

Appeal from the Judgment of Sentence June 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003127-2013

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                **FILED JANUARY 10, 2017**

Appellant Jaime Franceschi, Jr. appeals from the judgment of sentence imposed on June 27, 2014, following a bench trial resulting in his conviction of possession of a controlled substance, possession with intent to deliver (PWID), and conspiracy to commit PWID.[1]  We affirm Appellant's convictions.  However, based upon an ***Alleyne*** violation, we are constrained to vacate the sentence imposed and remand for resentencing.[2]

The relevant facts and procedural history are as follows.  In August

---

[1] Respectively, 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. § 903.

[2] ***See Alleyne v. United States***, 133 S.Ct. 2151 (2013); ***Commonwealth v. Fennell***, 105 A.2d 13 (Pa. Super. 2014).  The trial court and the Commonwealth both agree that a remand is necessary.  ***See*** Trial Court Supplemental Opinion (T.C.S.), 4/13/2016, at 16; Commonwealth's Br. at 7.

2012, the Philadelphia Narcotics Field Unit employed a confidential informant ("CI") to assist with their undercover surveillance of the house located at 855 East Shiller Street. *See* Trial Ct. Op., 3/2/2015, at 1. On two separate occasions over the course of two days, the police observed the CI meet with a male by the name of Jose Alicea outside of the house. *See id.* at 1-2. On each occasion, the CI gave Alicea some cash that the police had prerecorded. *See* Notes of Testimony ("N.T."), 4/10/2014, at 27. Alicea would enter the house, return with an object, and hand it to the CI. N.T., 4/10/2014, at 27. The CI then turned over two, clear Ziploc packs containing marijuana to the police. *See id.*

On the third day of surveillance, police observed Alicea and another male ("Rivera") enter the garage. *See id.* at 29. Rivera exited from the garage carrying a black backpack, and together they returned to the house. *See id.* Shortly after, Alicea exited the house he met with Appellant outside of the house. *See id.* at 29. Police observed Alicea hand a big, ball-like object to Appellant. *See id.* at 29, 50-52. Appellant used a key tied around his neck to open the doors to a white van parked on the street, and he placed the object inside on the driver's side. *See id.*

Shortly thereafter, the CI approached Appellant to make a buy in front of the house. *See id.* at 30. After a brief conversation, Appellant opened the van's doors and exchanged objects with the CI. *See id.* The CI returned and handed the officers two bags of marijuana. *See id.* Appellant

- 2 -

was arrested on the street. *See id.* On Appellant's person, police recovered a prerecorded, twenty dollar bill. *See id.* at 30, 74.

Thereafter, the police executed a search and seizure warrant on the house and garage. *See id.* The following items were seized:

> The police searched the white van and recovered two (2) bundles of marijuana, each containing 12 packets of marijuana and $618.00. The police searched 855 East Schiller Street and recovered 25 bags of package[d] marijuana, as well as 383 grams of lose marijuana; numerous new and unused baggies; a scale; and [sic] $1,816.00. The police searched the garage and recovered 6.88 pounds of marijuana. The packets of marijuana recovered on August 24, 2012, including the two packets turned over by the CI, were all the same in size, color, shape and design.

T.C.S., 4/13/2016, at 15-16.

Following a bench trial, Appellant was found guilty of the crimes enumerated above. The trial court sentenced Appellant to two to four years of incarceration followed by three years of reporting probation.

Appellant timely filed an appeal in June 2014. Counsel for Appellant filed a motion to withdraw on the basis that he does not do appellate work. *See* Motion to Withdraw as Counsel, 6/30/2014. The court issued an Pa.R.A.P. 1925(b) order on July 8, 2014. Appellant failed to file the required court-ordered 1925(b) statement, and counsel failed to appear at his hearing to withdraw from Appellant's representation. *See* Trial Ct. Op., 3/18/2015, at 5. Thus, the trial court found all appellate claims waived by virtue of Appellant's failure to timely file a 1925(b) statement. *See id.* at 6. Similarly, this Court dismissed Appellant's appeal on June 9, 2015. *See*

Super. Ct. Order, 6/9/2015.

In July 2015, Appellant *pro se* filed an application for reinstatement of his direct appeal rights. This Court reinstated those rights *nunc pro tunc* and remanded with instructions directing the trial court to appoint substitute counsel. ***See*** Super. Ct. Order, 7/29/2015.

In August 2015, Appellant filed a counseled motion for remand wherein Appellant claimed abandonment of trial counsel resulted in the unintentional waiver of challenges to the weight of the evidence and/or the discretionary aspects of sentencing. ***See*** Motion for Remand, 8/14/2015, at 2 ¶¶ 13, 17, 19-21. This Court denied Appellant's request for remand for the purpose of filing a post-sentence motion, without prejudice to Appellant's right to raise the issue in Appellant's brief. ***See*** Super. Ct. Order, 9/1/2015. In addition, this Court remanded the case with instructions for the trial court to permit Appellant to submit a 1925(b) statement and to issue a responsive opinion. ***See id.*** Thereafter, Appellant timely filed a 1925(b) statement, and the trial court issued a responsive opinion. ***See*** T.C.S., 4/13/2016, at 2.

On appeal, Appellant raises the following issues:

  I.  Whether the Court erred when it did not sua sponte correct ineffective assistance of counsel evident on the face of the record where after the Appellant was sentenced counsel failed to advise the Appellant that he had the right to file a post sentence motion challenging the weight and credibility of the evidence, the discretionary aspects of sentencing and other issues within 10 days of the imposition of sentence or that he had the right to be represented by counsel and that one could be and had been appointed to represent him.

II.    Whether the adjudication of guilt is against the weight and credibility of the evidence where the Appellant was never identified as the person who was arrested for engaging in illegal conduct until after the Commonwealth rested, where the Appellant testified credibly that he was not engaged in illegal conduct, and where no contraband is found on the Appellant or in areas that one could reasonably conclude were within his dominion and control.

III.   Whether the adjudication of guilt is based upon insufficient evidence because the inferences drawn from the evidence were unreasonable and because the evidence offered to support the verdict contravened human experience and human behavior.

IV.    Whether the Court erred when it illegally sentenced the Appellant outside of the guidelines to an unduly harsh and unjustified sentence.

Appellant's Br. at 6.

Based on our order reinstating Appellant's right to file a 1925(b) statement *nunc pro tunc*, the trial court concluded that Appellant's failure to file a post-sentence motion did not waive his discretionary challenge to the sentence. *See* T.C.S., 4/13/2016, at 8; Super. Ct. Order, 9/1/2015. Further, the court found that trial counsel did preserve a challenge to the weight and sufficiency of the evidence when trial counsel moved for a judgment of acquittal at the close of the Commonwealth's case in chief. *See* T.C.S., 4/13/2016, at 8-9 (citing N.T., 4/10/2014, at 68-71). Because the trial court concluded Appellant could preserve those claims in his 1925(b) statement, his ineffective assistance of counsel claim is now moot.

In his second issue, Appellant claims that the verdict was against the weight of the evidence. *See* Appellant's Br. at 19. Appellant maintains that

he "testified credibly that he was not engaged in illegal conduct." *Id.* at 14.

Our standard of review is well settled.

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. "Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence." ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003). "Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Id.*

***Commonwealth v. Trippett***, 932 A.2d 188, 198 (Pa. Super. 2007) (citation omitted).

Although Appellant concedes that he "knows co-defendant Alicea," and possessed "prerecorded buy money" and was "seen opening a stash vehicle with a key around his neck," Appellant claims this evidence "does not conclusively establish that [he] was knowingly engaging in a [c]onspiracy to possess or sell contraband." Appellant's Br. at 19. Rather, Appellant suggests that his testimony, in which he purported to enter the van at "the behest of its owner" and explained his presence on the block was "to visit his girlfriend," was credible and "unrebutted." *Id.* at 19-20.[3]

_____

[3] In support of Appellant's challenge to the weight of the evidence, he argues that he was "never seen" engaging in an illegal narcotics transaction, on the block during the first two days of surveillance, going in or out of the stash house or garage. Appellant's Br. at 19. He claims that he was never

*(Footnote Continued Next Page)*

We are unconvinced by Appellant's argument, which he premises on the credibility of his testimony. **See** Appellant's Br. at 19-20. Here, the trial court accepted the testimony of the Commonwealth's three witnesses as credible and rejected Appellant's testimony as not credible. **See** T.C.S., 4/13/2016, at 11-12. The trial court was free to disbelieve Appellant's testimony. **See Trippett**, 932 A.2d at 199 ("The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses.") (quoting **Champney**, 832 A.2d at 408). After reviewing the record in this case, we conclude that the evidence was "not so unreliable as to warrant a new trial," as the verdict does not "shock one's sense of justice." **Trippett**, 932 A.2d at 199. Accordingly, Appellant's argument is without merit.

Appellant next purports to challenge the sufficiency of the evidence to convict him of conspiracy and PWID. **See** Appellant's Br. at 20-21.

> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

**Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013) (internal

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯

"conclusively identified" until the Judge allowed the Commonwealth to re-open its case to allow an officer to "clarify" their testimony. **Id.**

citations and quotation marks omitted); see also ***Commonwealth v. Gibbs***, 981 A.2d 274 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010).

Here, Appellant fails to analyze with particularity the elements of the charges against him. For example, to prove PWID, the Commonwealth must prove: (1) that the defendant possessed or constructively possessed a controlled substance, and (2) with the intent to manufacture, distribute, or deliver it. ***Commonwealth v. Brown***, 48 A.3d 426, 42 (Pa. Super. 2012); ***see also*** 35 P.S. § 780–113(a)(30); 35 P.S. § 780–113(a)(16). To establish conspiracy to commit PWID, the Commonwealth must prove: "that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy." ***Commonwealth v. Jones***, 874 A.2d 108, 121 (Pa. Super. 2005) (internal quotation marks and citation omitted)).[4] However, Appellant neither identifies these elements nor argues how the Commonwealth's evidence failed to establish them. ***See*** Appellant's Pa.R.A.P. 1925(b) Stmt.; Appellant's Br. at 20-21. Accordingly, Appellant's claim is waived. ***See Garland, supra***.

---

[4] The Commonwealth can establish "constructive possession" by the totality of the circumstances. ***Brown***, 48 A.3d at 42.[4] "Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant." ***Jones***, 874 A.2d at 121. "The intent to deliver can be inferred from an examination of the surrounding facts and circumstances." ***Perez***, ***infra***, 931 A.2d at 707. "Circumstantial evidence may provide proof of the conspiracy." ***Id.*** at 708.

Absent waiver, Appellant's claim is devoid of merit. Our standard of review of a challenge to sufficiency of the evidence is well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Perez*, 931 A.2d 703, 706–07 (Pa. Super. 2007) (quoting *Jones*, 874 A.2d at 120-21) (citation omitted).

Here, Appellant suggests that his presence at the scene of the crime, relationship with Alicea, and possession of prerecorded money are "insufficient as a matter of law that he conspired to possess or that he participated in a conspiracy to sell marijuana." *See* Appellant's Br. at 21. Even accepting his premise, Appellant nonetheless fails to account for the overwhelming direct and circumstantial evidence that establish that Appellant participated in a conspiracy to sell narcotics.

Appellant was not only present at the scene of the crime; officers saw

Alicea, the owner of the stash house, give an object to Appellant on the street in front of the stash house. ***See*** N.T., 4/10/2014, at 29, 50-52. Next, they saw Appellant put the object into the van on the driver's side and watched him distribute marijuana to the CI in exchange for cash. ***See id.*** at 29-30, 50-52. When the police searched the van, they found marijuana on the driver's side that was identical in packaging size, shape, color, and design to the marijuana recovered inside the house. ***See id.*** at 30, 37, 39-40, 74; ***see also*** T.C.S., 4/13/2016, at 15.

With regard to the PWID charge, the evidence established that Appellant had control of the van in which officers found marijuana. This gives rise to the inference of (A) constructive possession, over the marijuana found inside the van, and (B) the intent to deliver. ***Brown***, 48 A.3d at 430; ***Perez***, ***supra***, 931 A.2d at 707-708; ***Jones***, 874 A.2d at 121.

In drug cases, "expert testimony is important where the other evidence may not conclusively establish that the drugs were intended for distribution." ***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1236–37 (Pa. 2007) (citing ***Commonwealth v. Kirkland***, 831 A.2d 607, 612 (Pa.Super.2003), *alloc. denied*, 577 Pa. 712, 847 A.2d 1280 (2004)). In ***Ratsamy***, our Supreme Court clarified that the Superior Court should consider "all of the evidence introduced at the time of trial, and apparently believed by the factfinder, including the expert's testimony." ***Ratsamy***, 934 A.2d at 1237.

In this case, an officer and an expert in drug packaging and distribution of narcotics testified. The officer testified that the packaging of the marijuana turned over by the CI was similar to what was found on table inside of the house.

> Q. Did you compare the packets that were turned over by the confidential informant that were alleged containing marijuana with the packets that were recovered from the van that were also alleged to contain marijuana?
> A. It was the same in size, color and shape and design, also to the 25 that were recovered from the table.
> Q. Okay. They were all the same in addition to the ones that were recovered from the table?
> A. That's correct…. The table where they were allegedly bagged.

*See id*. at N.T., 4/10/2014, at 40-41. According to the expert in drug packaging, the two bags that Appellant sold to the CI had a blue devil logo; police recovered two bundles of marijuana in clear plastic bags from inside the van, each containing 24 clear Ziploc packets with a blue devil logo, each containing between 2.53 and 2.38 grams of marijuana. *See id.* at 43, 67-68.[5] Police recovered one Ziploc bag in which there were 25 Ziploc packets with blue devils on them, each containing between 2.24 to 3.17 grams of marijuana from inside the house on the table. *See id.* at 42, 68.[6] Police recovered seven clear zip bags containing approximately seven pounds of marijuana from the garage.[7] *See id.* at 31, 43. The expert, however,

_____

[5] Property Receipt No. 306478
[6] Property Receipt No. 306480
[7] Property Receipt No. 369486

testified that the manufacturers would never sell the marijuana from the "stash garage where they had the bulk marijuana" until after it was packaged up. *Id.* at 59.

With regard to a conspiracy to commit PWID, the evidence established a tacit agreement between Appellant and his co-conspirators based on circumstantial evidence such as: Appellant's relationship with Alicea, his presence near the stash house, and participation in the criminal activity. *Perez*, 931 A.2d at 708-09. The marijuana in the van was packaged similarly to the marijuana found in the house. The circumstances suggest that the co-conspirator retrieved that marijuana directly from the stash garage, and further, that Appellant shared criminal intent to distribute the additional marijuana, which they stashed in the garage. *See* N.T., 4/10/2014, at 40, 59-60, 62; *see also Jones, supra*. Finally, Appellant's sale of marijuana to the CI and acceptance of prerecorded buy money constituted an overt act in furtherance of the conspiracy to commit PWID. T.C.S., 4/12/2016, at 16.

Here, there was sufficient direct and circumstantial evidence for the trial court to find Appellant complicit in a conspiracy to sell all of the contraband seized. "[S]uccessful proof of a conspiracy [to commit PWID] makes each coconspirator fully liable for all of the drugs recovered without the necessity of proving constructive possession." *Perez*, 931 A.2d at 709. We discern no abuse of the trial court's discretion or legal error.

Accordingly, Appellant's argument is without merit.

Finally, Appellant asserts that his sentence is illegal. In the instant case, the trial court imposed a mandatory minimum sentence pursuant to 18 Pa.C.S. § 7508. *See* T.C.S., 4/13/2016, at 16. The sentence imposed is unconstitutional. *Alleyne*, 133 S.Ct. at 2163-64; *Fennell*, 105 A.3d at 20. Accordingly, we remand for resentencing.

Judgement of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/10/2017