J-S95040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANTHONY WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 19 EDA 2016 |

Appeal from the Judgment of Sentence November 19, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0013745-2014

BEFORE:  STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 29, 2017**

Anthony Williams ("Williams") appeals from the judgment of sentence imposed following his convictions of possession of a controlled substance, possession of a controlled substance with intent to deliver, and criminal conspiracy.  *See* 35 P.S. § 780-113(a)(16), (30); 18 Pa.C.S.A. § 903.  We affirm.

On August 13, 2014, Police Officer William Forbes ("Officer Forbes") was conducting surveillance in an unmarked police car parked on the 2500 block of North Napa Street in Philadelphia.  From approximately 7:20 p.m., until 8:03 p.m., Officer Forbes observed Williams on the porch of an abandoned house (hereinafter "the house").  Officer Forbes stated that Williams engaged in multiple drug transactions, wherein individuals approached Williams on the porch, engaged in a brief conversation with him, and handed him U.S. currency.  Thereafter, Williams and some of the

individuals entered the house, and emerged within twenty-five seconds to a minute.

At one point during Officer Forbes's surveillance, Williams was approached by Latoya Barron ("Barron"), with whom he had a brief conversation before she left the premises. Sometime later, Barron returned to the property and entered the house. At this time, Williams left the premises. While Williams was away, a man approached the house and was met at the door by Barron. The man entered the property and left before Williams returned. When Williams returned a few minutes later, he stationed himself back on the porch.

Shortly thereafter, Officer Forbes and his backup arrived at the property and arrested Williams. The officers entered the house and found that every room except the living room was unlit and filled with trash. In the living room, they found Barron sitting at a coffee table with six Ziploc bags containing a total of 3.5 grams of marijuana, $20.00 in U.S. currency, and multiple pill bottles containing prescription drugs, including oxycodone and Xanax pills. None of the pill bottles belonged to either Williams or Barron.

Following a bench trial, Williams was convicted of the above-mentioned crimes. Williams was sentenced to two to four years in prison for

the charge of possession with intent to deliver, to be followed by two years of probation for criminal conspiracy.[1]

On December 18, 2015, Williams filed a timely Notice of Appeal. On February 19, 2016, the trial court entered an Order directing Williams to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, within twenty-one days after entry of the Order. On March 2, 2016, the trial court entered an amended Order directing the filing of a Pa.R.A.P. 1925(b) concise statement, no later than twenty-one days after entry of the Order. Williams failed to file a concise statement within twenty-one days. Nevertheless, the trial court issued an Opinion addressing the sufficiency of the evidence. Thereafter, Williams filed a Rule 1925(b) Concise Statement, raising a sufficiency of evidence claim.

On appeal, Williams raises the following question for our review: "Did the [t]rial [c]ourt [err] when it found that the Commonwealth presented sufficient evidence to find [Williams] guilty [of all charges] beyond a reasonable doubt?" Brief for Appellant at 3.

Prior to addressing Williams's claim, we must determine whether he properly preserved it for our review. It is well-settled that when a trial court orders an appellant to file a Rule 1925(b) concise statement, he must comply to preserve his claims on appeal. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Where "an appellant in a criminal case was

---

[1] The possession of a controlled substance sentence merged for sentencing purposes.

ordered to file a Statement and fails to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a [s]tatement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3). However, "[w]hen counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues[,] we need not remand and may address the merits of the issues presented." ***Commonwealth v. Thompson***, 39 A.3d 335, 340 (Pa. Super. 2012).

Here, the trial court ordered Williams to file a Rule 1925(b) concise statement. Williams's counsel was *per se* ineffective for failing to timely file the Concise Statement until after the trial court had issued its Opinion. However, because the trial court addressed Williams's sole issue on appeal in its Opinion, we will address the merits of Williams's issue. ***See id.***

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt

- 4 -

by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, or part or none of the evidence.

***Commonwealth v. Melvin***, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citations omitted).

Williams contends that the evidence was insufficient to support his convictions. ***See*** Brief for Appellant at 12, 18-19. Williams first argues that the evidence does not support the possession of a controlled substance conviction because he did not physically possess the drugs recovered from the house at the time of his arrest. ***Id.*** at 13. Williams further argues that he did not constructively possess the drugs. ***See id.*** at 13, 15-17. Williams also asserts that the evidence did not support his possession with intent to deliver conviction, as there was no evidence that the individuals police observed entering the house had, in fact, purchased controlled substances. ***Id.*** at 17-18. Finally, Williams argues that the evidence presented at trial was insufficient to sustain his criminal conspiracy conviction. ***Id.*** at 18. Williams asserts that Barron was not in the house at the time of the alleged drug deliveries; thus, there was no evidence of an agreement to aid in the conspiracy. ***Id.***

A person may be convicted of possession of a controlled substance where he knowingly possesses a controlled substance, when not registered to do so under the Controlled Substance, Drug, Device, and Cosmetic Act.

35 P.S. § 780-113(a)(16). When contraband is not found on a defendant's person, the Commonwealth must establish constructive possession. ***See Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super. 2013).

> In order to uphold a conviction for possession of narcotics with the intent to deliver, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it. The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case. Factors which may be relevant in establishing that drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

***Commonwealth v. Aguado***, 760 A.2d 1181, 1185 (Pa. Super. 2000) (citations omitted).

"To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy." ***Commonwealth v. Rios***, 684 A.2d 1025, 1030 (Pa. 1996). "In most cases of conspiracy, it is difficult to prove an explicit or formal agreement; hence, the agreement is generally established via circumstantial evidence, such as by relations, conduct, or circumstances of the parties or overt acts on the part of the co-conspirators." ***Commonwealth v. Johnson***, 985 A.2d 915, 920 (Pa. 2009) (citation and quotation marks omitted); ***see also Commonwealth v. Hennigan***, 753 A.2d 245, 253 (Pa. Super. 2000) (stating that the "overt act need not be committed by the

defendant; it need only be committed by a co-conspirator.") (citation omitted). Further, "[w]here the conduct of the parties indicates they are acting in concert with a corrupt purpose in view, the existence of a conspiracy may be properly inferred." *Commonwealth v. Clark*, 746 A.2d 1128, 1137 (Pa. Super. 2000).

Here, Officer Forbes, while conducting surveillance, observed Williams standing guard on the porch of the house and engaging in multiple drug transactions. *See* N.T. 4/15/15, at 7-15, 17-20, 21-23, 30-31, 44. Two of the individuals seen interacting with Williams were stopped by backup officers. *See id.* at 8-10. One of these individuals had on his person oval-shaped blue pills with the stamp "GG-258" (later identified as Xanax pills), which were identical to the pills recovered from inside the house upon Barron's arrest. *See id.* at 9, 99. In the midst of these transactions, Barron approached Williams on the porch, conversed with him briefly and left. *See id.* at 10, 13, 36-37, 52. Barron returned about 30 minutes later and went inside the house. *See id.* at 12, 55, 58. After Barron entered the house, Williams left the premises. *See id.* at 12, 54-55. During this time, Barron allowed another individual to enter the house. *See id.* at 55-58. The individual left prior to Williams's return. *See id.* at 13, 58. Thereafter, officers arrested Williams. *See id.* at 13, 58, 60.

Once inside the house, officers recovered six Ziploc baggies containing marijuana, and several prescription pill bottles. *See id.* at 66, 87-89, 96-

97, 99. The pill bottles were prescribed to three people, none of whom were Williams or Barron. **See id.** at 87-88. The officer searched Barron's purse, and recovered a sandwich bag containing marijuana and pill bottles containing oxycodone and Xanax. **See id.** at 93-94.

Viewing the evidence in a light most favorable to the Commonwealth, we conclude that the circumstantial evidence established an agreement between Williams and Barron to possess and deliver the drugs. **See Clark**, 746 A.2d at 1137. In addition, even though Williams may not have physically handled the drugs, he committed overt acts in the furtherance of the illicit enterprise by serving as a gatekeeper and controlling access to the drugs. **See Commonwealth v. McCall**, 911 A.2d 992, 997 (Pa. Super. 2006) (holding that while the defendant never actually handled the drugs, he took an active role in the conspiracy by acting as lookout and receiving money from the drug transactions). Thus, we conclude that the evidence was sufficient to support Williams's conspiracy conviction. **See Commonwealth v. Ruiz**, 819 A.2d 92, 97-98 (Pa. Super. 2003) (stating that an appellant acting in concert with his cohort sustained a conspiracy conviction).

Moreover, because the evidence is sufficient to prove that Williams conspired with Barron to sell drugs, it is also sufficient to sustain his convictions of possession of a controlled substance and possession of a controlled substance with intent to deliver. **See Commonwealth v. Perez**,

931 A.2d 703, 709 (Pa. Super. 2007) (concluding that "[b]ecause the Commonwealth proved conspiracy, it did not need to prove [a]ppellant's constructive possession of the drugs[,]" as the drugs in the home were attributable to appellant and his co-conspirator); *see also Commonwealth v. Holt*, 711 A.2d 1011, 1017 (Pa. Super. 1998) (holding that "when the appellant was convicted of conspiracy to possess with intent to deliver the drugs … he is also culpable for the crime itself, that is possession with intent to deliver[.]").[2]

We conclude that the evidence of record, viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact-finder to find every element of each crime beyond a reasonable doubt.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2017

---

[2] We additionally note that the totality of the evidence demonstrated Williams constructively possessed, and intended to deliver the drugs. *See, e.g., Clark*, 746 A.2d at 1136-37.