J-S40011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN GAYMON | : | |
| | : | |
| Appellant | : | No. 1545 EDA 2017 |

Appeal from the Judgment of Sentence December 18, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003221-20013

BEFORE:   LAZARUS, J., DUBOW, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                **FILED SEPTEMBER 13, 2018**

Appellant, Kevin Gaymon, appeals from the Judgment of Sentence entered in the Philadelphia County Court of Common Pleas on December 18, 2014, following his conviction of one count each of Possession of a Controlled Substance With Intent to Deliver ("PWID"), Conspiracy to Commit PWID, and Criminal Use of a Communication Facility.[1]  On appeal, Appellant challenges the discretionary aspects of his sentence.  After careful review, we affirm.

The facts and procedural history are as follows.  On February 20, 2013, Philadelphia police officers arrested Appellant after observing him sell crack cocaine to a confidential informant ("CI") during a two-day surveillance operation of properties located adjacent to one another at 5825 and 5827 Warrington Avenue.  At the time of Appellant's arrest, which occurred at the

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 903; and 18 Pa.C.S. § 7512(a), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

rear of the home at 5827 Warrington Avenue, the officers recovered from Appellant's person a packet of crack cocaine and a cell phone used by Appellant to arrange a drug transaction with the CI. From 5825 Warrington Avenue (the "stash house"), the house from which associates of Appellant retrieved the drugs to hand to Appellant, who in turn handed them to the CI, police officers recovered approximately 15 grams of crack cocaine in small packets and drug paraphernalia.

Appellant waived his right to a jury trial. On October 16, 2014, the trial court found Appellant guilty of all charges and ordered a presentence report ("PSI").

On December 18, 2014, the court conducted Appellant's sentencing hearing. Counsel agreed at the hearing that Appellant's Prior Record Score ("PRS") was 5 and the Offense Gravity Score ("OGS") was 8. At the conclusion of the hearing, the trial court explained that it had "considered the presentence report" and "listened to arguments of counsel," which led it to conclude that probation was not an appropriate sentence. N.T. Sentencing, 12/18/14, at 18. The court further noted that Appellant had "spent his whole life" committing the same type of offense, and that "prior sentences of probation and short periods of incarceration have not deterred his criminal activity." *Id.* at 12. The court found that Appellant's PRS "significantly understates the seriousness of his criminal activity." *Id.* at 18. The court considered the threat Appellant poses to the community; his disregard for the law; and the impact that drug sales have on victims, their families, and the

community. *Id.* at 18-19. At the conclusion of the hearing, the court sentenced Appellant to consecutive terms of 3 to 6 years' incarceration for each of the PWID and Conspiracy to Commit PWID convictions, followed by a consecutive term of 1 to 3 years' incarceration for the conviction of Criminal Use of a Communication Facility,[2] for an aggregate sentence of 7 to 15 years' incarceration.

On December 29, 2014, Appellant filed a Motion for Reconsideration of Sentence, in which he claimed the court based Appellant's sentence on a mistake of fact and abused its discretion in sentencing him to consecutive sentences. Appellant's Motion was denied by operation of law on April 29, 2015. Appellant filed a timely appeal to this Court. However, owing to Appellant's failure to file a Brief, this Court dismissed Appellant's appeal on November 19, 2015. *See Commonwealth v. Gaymon*, No. 1309 EDA 2015.

Appellant successfully petitioned for the reinstatement of his direct appeal rights *nunc pro tunc*. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

In his Rule 1925(b) Statement, Appellant reiterated his claim that the court based his sentence on a mistake of fact, and raised for the first time a claim that the court erred "when it failed to consider mitigating evidence and

---

[2] This is an aggravated range sentence. Given Appellant's PRS of 5 and the Sentencing Guideline OGS of 8, the Sentencing Guidelines recommended a minimum sentence range of 27 to 33 months (2¼ to 2¾ years) plus or minus 9 months' incarceration for the PWID and Conspiracy to Commit PWID convictions, and 12 to 18 months' incarceration for the Criminal Use of a Communication Facility conviction.

failed to state appropriate reasons on the record for imposing the sentence." Rule 1925(b) Statement, 6/8/17, at 3 (unpaginated).

In his Brief, Appellant raises the following two issues:

1. Did the lower court err in the discretionary aspects of sentencing[] when it accepted a representation by the Commonwealth as true when considering its sentence? Specifically, the court indicated that the officer testified that Appellant went into an abandoned house where numerous items of paraphernalia and quantities of drugs were found when the trial testimony was that other people entered the premises where the stash was found, while Appellant did not.

2. Did the lower court err in the discretionary aspects of sentencing when it failed to consider mitigating evidence and failed to state appropriate reasons on the record for imposing an excessive aggregate sentence[?]

Appellant's Brief at 2.

Both of Appellant's issues challenge the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000). Prior to reaching the merits of a discretionary sentencing issue, we must determine whether: (1) appellant has filed a timely notice of appeal; (2) the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) appellant's brief has a fatal defect; and (4) there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d

1013 (Pa. Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra**, **supra** at 912-13.

With respect to his first issue, Appellant satisfied the first three requirements: he filed a timely Notice of Appeal; preserved the issue by filing a Petition to Reconsider Sentence; and included a separate Pa.R.A.P. 2119(f) Statement in his Brief to this Court. We, thus, consider whether Appellant raised a substantial question.

Appellant first avers that the trial court miscalculated his OGS. This Court has previously determined that a claim that the trial court abused its discretion in applying an OGS raises a substantial question. **Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa. Super. 2012). We, thus, examine the merits of Appellant's first issue.

Appellant avers that the court inaccurately calculated his OGS based on its misapprehension of fact that Appellant had been inside the drug stash house. Appellant's Brief at 8. He claims that the court misperceived that he had "access to the stash house where roughly 15 grams of cocaine" were recovered and not just to the 2 grams that police found on his person. **Id.** at 7-8. He concludes that this misperception resulted in the court miscalculating his OGS as 8 instead of 6. **Id.** at 8. This issue warrants no relief.

As a prefatory matter, the Notes of Testimony indicate that counsel for Appellant and the Commonwealth agreed at the outset that Appellant's OGS is 8. N.T. Sentencing, 12/18/14, at 4-5. The record does not indicate, and Appellant does not aver, that Appellant objected to that agreement at any time.

Moreover, the misapprehension Appellant avers here is entirely his own. The court convicted Appellant of Conspiracy to Commit PWID of the 15 grams of crack cocaine possessed by Appellant's co-conspirator in the stash house. The Conspiracy conviction rendered him liable for the full weight of the drugs involved in the conspiracy. *See Commonwealth v. Perez*, 931 A.2d 703, 709 (Pa. Super. 2007) (holding that the "successful proof of a conspiracy makes each co-conspirator fully liable for all of the drugs recovered, without the necessity of proving constructive possession."). Thus, whether Appellant had been in the stash house where the police officers found the drugs is irrelevant. Accordingly, Appellant's claim that the court based his sentence on a misapprehension of facts warrants no relief.

In his second issue, Appellant again challenges the discretionary aspects of his sentence. He argues that the court abused its discretion in sentencing him to consecutive, rather than concurrent sentences; in imposing a sentence on the high end of the aggravated range; and in failing to consider mitigating factors. Appellant's Brief at 8-10.

As noted *supra*, in order to preserve a challenge to the discretionary aspects of his sentence, a defendant must raise the issue at sentencing or in

a post-sentence motion. ***See Evans***, 901 A.2d at 533. "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. McAfee****,* 849 A.2d 270, 275 (Pa. Super. 2004) (citations and internal quotations marks omitted).

Here, Appellant did file a Post-Sentence Motion challenging the imposition of consecutive rather than concurrent sentences. However, he did not include this issue in his Rule 1925(b) Statement. Thus, we find it waived. ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005).

In addition, Appellant did not raise the issue of the court's alleged failure to consider mitigating factors or challenge the imposition of an aggravated range sentence in his Post-Sentence Motion. Accordingly, Appellant has likewise waived those claims. ***See McAfee***, 849 A.2d at 275 (affirming that an appellant waives an objection to a discretionary aspect of his sentence where he does not raise it in a post-sentence motion or during the sentencing process).

Judgment of Sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/18