J-S48004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREESE SCOTT, | : | |
| | : | |
| Appellant | : | No. 240 EDA 2017 |

Appeal from the Judgment of Sentence December 12, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0004603-2014

BEFORE: DUBOW, J., MURRAY, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.: **FILED NOVEMBER 02, 2018**

Appellant, Tyreese Scott, appeals from the Judgment of Sentence entered by the Philadelphia County Court of Common Pleas after his convictions following a bench trial of Criminal Conspiracy (Carrying a Firearm Without a License), Persons Not to Possess Firearms, Carrying a Firearm Without a License, Carrying a Firearm in Public in Philadelphia, and Possession of a Small Amount of Marijuana.[1] We affirm on the basis of the trial court's December 18, 2017 Opinion.

In its Pa.R.A.P. 1925(a) Opinion, the trial court set forth the underlying facts. **See** Trial Court Opinion, filed 12/18/17, at 2-3. Briefly, at 11:15 P.M. on February 17, 2014, several Philadelphia police officers heard gunshots

---

[1] 18 Pa.C.S. § 903; 18 Pa.C.S. § 6105; 18 Pa.C.S. § 6106; 18 Pa.C.S. § 6108; and 35 P.S. § 780-113(a)(31), respectively.

---

* Retired Senior Judge assigned to the Superior Court.

coming from the area of Thirteenth and Cambria Streets. Shortly thereafter, Police Officers Anthony Santulli and Brian Nolan watched a silver Pontiac with three occupants run through a stoplight and cross the intersection of Twelfth and Somerset Streets. The officers followed the Pontiac and turned on a spotlight directed at the vehicle. Officer Nolan observed Appellant in the rear passenger seat attempt to conceal a silver firearm in the light housing inside the roof of the car. The officers activated their lights upon seeing the firearm, but the Pontiac did not stop and a car chase ensued.

The officers followed the Pontiac for several blocks until the vehicle stopped suddenly and the three occupants fled on foot. After a brief foot chase, the officers apprehended and arrested the three men, including Appellant.

Officer Nolan observed three firearms in the light housing inside the roof of the car, the same location where he saw Appellant reaching earlier. After obtaining a search warrant for the Pontiac, the officers recovered the three operable firearms and thirteen small plastic baggies containing marijuana.[2]

The Commonwealth charged Appellant with one count each of Criminal Conspiracy (Carrying a Firearm Without a License), Persons Not to Possess Firearms, Carrying a Firearm Without a License, Carrying a Firearm in Public in Philadelphia, and Possession of a Small Amount of Marijuana.

---

[2] The green, leafy substance tested positive for marijuana.

- 2 -

Appellant requested a bench trial. At trial, Police Officers Santulli and Nolan testified, as well as Lieutenant Jose Medina, Detective Richard Bova, who had recovered the firearms from the vehicle with a search warrant, and Officer Lawrence Flagler, who had examined each firearm and determined that all three firearms were operable. The Commonwealth presented a certification that Appellant did not have a valid license to possess a firearm on the date of the incident. The parties stipulated that Appellant had a prior enumerated felony conviction that rendered him ineligible to possess a firearm for purposes of 18 Pa.C.S. § 6105.

Appellant also testified, admitting that he owned the Pontiac, he knew that the other occupants of the vehicle were armed, and he had initiated the high speed chase to avoid gun charges since he was on parole. Appellant also claimed that he was driving the vehicle that night, that he did not carry a firearm that night, and that the marijuana did not belong to him. N.T. Trial, 10/5/16, at 115-19, 135.

On October 5, 2016, the trial court convicted Appellant of all charges. On December 12, 2016, the court held a sentencing hearing at which Philadelphia Police Officer Gregory Wallace testified that, as part of his assignment with the Criminal Intelligence Unit and the Gun Violence Task Force, he believed that Appellant was associated with the Tenth and Thomson Street gang, and that a gang-related, retaliatory shooting had occurred between Appellant's gang and another rival gang the night of Appellant's

arrest.[3] The trial court sentenced Appellant to an aggregate term of six to twelve years' incarceration, followed by five years' probation.

Appellant filed a timely Post-Sentence Motion, which the trial court denied on March 31, 2017.

On January 9, 2017, Appellant filed a Notice of Appeal.[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents three issues for our review:

[1.] Whether the trial court erred in finding Appellant guilty of Conspiracy to violate 18 Pa.C.S. § 6106 and Possession of a Small Amount of Marijuana because the evidence was insufficient to support the verdict for those charges[?]

[2.] Whether the trial court erred in denying Appellant's post–sentence motion for a new trial because the verdict was against the weight of the evidence[?]

[3.] Whether the trial court erred in permitting the Commonwealth to introduce speculative evidence relating to a shooting and [Appellant's] alleged gang affiliation at sentencing because the evidence was irrelevant, unsubstantiated, and unduly prejudicial[?]

Appellant's Brief at viii (reordered).

_____

[3] The trial court had excluded some of this same evidence at trial. At sentencing, Appellant objected once during Officer Wallace's testimony to the prosecutor's factual mischaracterization of Appellant's incident as a "shooting" rather than as a gun possession case. N.T. Sentencing, 12/12/17, at 11. The sentencing court overruled this objection.

[4] Appellant filed his Notice of Appeal before the trial court had denied his Post-Sentence Motion, but we will not quash or remand this matter because the trial court eventually denied Appellant's Post-Sentence Motion. **Commonwealth v. Samuel**, 102 A.3d 1001, 1003 n.2 (Pa. Super. 2014).

**Sufficiency of the Evidence**

Appellant first challenges the sufficiency of the evidence supporting his convictions for Criminal Conspiracy (Carrying a Firearm Without a License) and Possession of a Small Amount of Marijuana. Appellant's Brief at 3-6. Appellant specifically avers that (1) the Commonwealth "did not introduce a certificate of non-licensure for any of Appellant's co-defendants" to support his Criminal Conspiracy conviction; and (2) "there was no evidence introduced that the substance in question was marijuana or any other controlled substance" because the Commonwealth did not introduce a seizure analysis or present any testimony or other evidence pertaining to the "substance." Appellant's Brief at 4-6.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Id.*** "In conducting this review, the appellate court

- 5 -

may not weigh the evidence and substitute its judgment for the fact-finder."
*Id.*

Appellant was convicted of, *inter alia*, Criminal Conspiracy (Carrying a Firearm Without a License) and Possession of a Small Amount of Marijuana.

To sustain the conviction for Criminal Conspiracy, there must be proof beyond a reasonable doubt that the defendant "(1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent[,] and (3) an overt act was done in furtherance of the conspiracy. This overt act need not be committed by the defendant; it need only be committed by a co-conspirator." **Commonwealth v. McCall**, 911 A.2d 992, 996 (Pa. Super. 2006) (citation and quotation omitted). **See also** 18 Pa.C.S. § 903 (defining Criminal Conspiracy).

Section 6106 of the Crimes Code provides, in pertinent part, that "any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. § 6106(a)(1).

To sustain a conviction for Possession of a Small Amount of Marijuana, the Commonwealth was required to prove that Appellant knowingly or intentionally possessed an amount of marijuana less than 30 grams in weight. 35 P.S. § 780-113(a)(31). It is "well-established in this Commonwealth that the identity of illegal narcotic substances may be established by circumstantial

evidence alone, without any chemical analysis of the seized contraband."
***Commonwealth v. Minott***, 577 A.2d 928, 932 (Pa. Super. 1990).

Our review of the record, in the light most favorable to the Commonwealth as the verdict winner, indicates that the evidence was sufficient to support every element of the offenses beyond a reasonable doubt. The Honorable Donna M. Woelpper, sitting as the trial court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing the record and relevant case law in addressing Appellant's sufficiency claims. ***See*** Trial Court Opinion, filed 12/18/17, at 5-6 (concluding that there is no merit to Appellant's sufficiency claims because (1) Officer Nolan testified that, shortly after hearing shots fired, he saw Appellant holding a silver firearm and stashing it in a light fixture in the vehicle where police later found marijuana,[5] two other firearms, ski masks, and gloves; (2) Appellant did not have a license to carry a firearm and he was ineligible to possess a firearm due to a prior felony conviction;[6] and (3) Appellant and his two co-conspirators fled from police in a high speed

---

[5] In addition, other circumstantial evidence established the substance was marijuana, including Detective Bova's observations and the property receipt indicating the substance tested positive for marijuana. N.T. Trial, 10/5/16, at 101-02; Commonwealth's Exhibit C-12 (property receipt No. 3144808).

[6] We note that the elements of Criminal Conspiracy and Section 6106 only required the Commonwealth to prove that **Appellant** lacked a license. Appellant's unsupported proposition that the Commonwealth needed to introduce certificates of non-licensure for his co-defendants when they were not on trial in order to prove his part in the conspiracy to possess an unlicensed firearm is unavailing.

car chase to avoid gun charges, and simultaneously fled on foot). We, thus, affirm on the basis of the trial court's December 18, 2017 Opinion.

**Weight of the Evidence**

In his second issue on appeal, Appellant challenges the weight of the evidence because (1) "Appellant testified credibly at trial[,]" (2) "Appellant was never seen in possession of a firearm or controlled substance[,]" and (3) because of "the inconsistencies in the testimony of the officers[.]" Appellant's Brief at 6-7.

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and citation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Talbert, supra* at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. *See id.* at 545-46. "Because the trial judge has had the opportunity to hear and see the evidence

presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." *Id.* at 546. "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.*

In order to challenge successfully the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id*. (internal quotation marks and citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a **palpable abuse of discretion**[.]" **Commonwealth v. Morales**, 91 A.3d 80, 91 (Pa. 2014) (citations omitted, emphasis in original).

In a true challenge to the weight of the evidence, a defendant concedes that sufficient evidence supports the verdict. **Commonwealth v. Thompson**, 106 A.3d 742, 758 (Pa. Super. 2014). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in determining whether the verdict was against the weight of the evidence. **Commonwealth v. Widmer**, 744 A.2d 745, 751 n.3 (Pa. 2000).

Appellant essentially asks us to reassess his credibility and that of the police officers and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record shows that the evidence is not tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence as to shock the court's conscience.

Thus, after a thorough review of the certified record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned trial court Opinion, we conclude that there is no merit to Appellant's challenge to the weight of the evidence. The trial court carefully evaluated the record and the evidence before denying Appellant's weight claim. **See** Trial Court Opinion at 7. We discern no abuse of discretion in the trial court's denial of Appellant's weight claim. Accordingly, Appellant is not entitled to relief.

**Evidence at Sentencing**

Appellant next argues that the trial court erred in permitting "the Commonwealth to introduce speculative evidence relating to a shooting and his alleged gang affiliation at sentencing because the evidence was irrelevant and unduly prejudicial." Appellant's Brief at 1-3.

The admissibility of evidence is a matter for the trial court's discretion, and a ruling will only be reversed for an abuse of discretion. **Commonwealth v. Antidormi**, 84 A.3d 736, 749 (Pa. Super. 2014). It is well established that a sentencing hearing "is not a trial, and the court is not bound by the restrictive rules of evidence properly applicable to trials." **Commonwealth**

***v. Medley***, 725 A.2d 1225, 1229 (Pa. Super. 1999); ***see also*** Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 101.13 (2018 ed. LexisNexis Matthew Bender). As such, a court may hear "any relevant information for the purposes of determining the proper penalty." ***Medley***, 725 A.2d at 1229.

Pursuant to Pa.R.E. 103, "[a] party may claim error in a ruling to admit . . . evidence only: (1) if . . . a party, on the record: (A) makes a timely objection, motion to strike, or motion *in limine*; and (B) **states the specific ground**, unless it was apparent from the context[.]" Pa.R.E. 103(a)(1) (emphasis added). A defendant must timely and specifically object to evidence, even at sentencing, in order to preserve appellate issues. ***See Commonwealth v. Cruz***, 402 A.2d 536, 538 (Pa. Super. 1979) (holding appellant failed to preserve issue regarding unsubstantiated statements about his drug dealing by unnamed informants and undercover agents because he failed to object with specificity during sentencing). ***See also*** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

After carefully reviewing the certified record, we conclude that Appellant did not preserve this issue by specifically objecting to this evidence at

sentencing or presenting this issue in a Post-Sentence Motion.[7]   Accordingly, his evidentiary challenge is waived.  Pa.R.E. 103(a); Pa.R.A.P. 302; *Cruz*, 402 A.2d at 538.

The parties are instructed to attach a copy of the trial court's December 18, 2017 Opinion to all future filings.

Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/18

_____

[7] As stated above, Appellant's counsel objected once—at the end of Officer Wallace's testimony—to the District Attorney's factual mischaracterization of Appellant's case as a "shooting" rather than as a gun possession case or incident.  N.T. Sentencing, 12/12/17, at 11.  The trial court overruled this objection after clarification.  Appellant did not otherwise object to or during Officer Wallace's testimony.  Counsel's narrow objection to a statement by the prosecutor did not preserve the unrelated evidentiary challenges he now presents on appeal.  *See* Pa.R.E. 103(a).  Moreover, the trial court properly concluded that Appellant's evidentiary claim lacks merit.  *See* Trial Court Opinion at 7-8 (concluding that the shooting and gang-affiliation evidence was admissible and relevant to show Appellant's "motive for driving a vehicle in that area of Philadelphia armed with a pistol.").

FILED

DEC 1 8 2017

Office of Judicial Records
Appeals/Post Trial

**IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA     :   CP-51-CR-0004603-2014

    : 

    : 

v.     CP-51-CR-0004603-2014 Comm. v. Scott, Tyreese
Opinion     : 

    : 

TYREESE SCOTT     8045961041     :   240 EDA 2017

    : 

    : 

<u>OPINION</u>

WOELPPER, J.                                                  DECEMBER 18, 2017

## I.     <u>PROCUEDURAL HISTORY</u>

On February 17, 2014, Tyreese Scott ("the Defendant") was arrested and charged with Possession of a Firearm by a Prohibited Person[1] ("VUFA 6105") and related offenses. On October 5, 2016, the Defendant appeared before this Court and elected to waive his right to a jury trial. On that same date, this Court found the Defendant guilty of VUFA 6105, Carrying a Firearm Without a License[2] ("VUFA 6106"), Conspiracy to Commit VUFA 6106,[3] Carrying a Firearm on a Public Street in Philadelphia[4] ("VUFA 6108"), and Possession of Marijuana.[5]

Sentencing was deferred for completion of a presentence investigation and a mental health evaluation. On December 12, 2016, this Court imposed a penalty of five to ten years of imprisonment for VUFA 6105, a consecutive penalty of one to two years of imprisonment followed by five years of reporting probation for Conspiracy, and concurrent five year periods of

---

[1] 18 Pa.C.S. 6105(a)(1).
[2] 18 Pa.C.S. 6106(a)(1).
[3] 18 Pa.C.S. 903.
[4] 18 Pa.C.S. 6108.
[5] 35 P.S. § 780-113(a)(31).

reporting probation for VUFA 6106 and VUFA 6108, respectively, for a total sentence of six to twelve years of imprisonment plus five years of reporting probation.[6]

On December 13, 2016, the Defendant filed a Post-Sentence Motion, which this Court denied on March 31, 2017. On January 9, 2017, the Defendant filed a Notice of Appeal. On April 24, 2017, after appointment of appellate counsel, this Court issued an order directing counsel to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On May 15, 2017, the Defendant filed a timely 1925(b) Statement.

II.    FACTUAL BACKGROUND

On February 17, 2014, at approximately 11:15 p.m., Police Officers Anthony Santulli, Brian Nolan, Sergeant Waddell, and Sergeant Jose Medina were conducting a pedestrian stop at the intersection of Tenth and Cumberland Streets in the city and county of Philadelphia, when they heard gunshots coming from the location of Thirteenth and Cambria Streets. En route to that location via a police vehicle, Officers Santulli and Nolan observed a 2004 Silver Pontiac Grand Prix ignore a stoplight and cross the intersection at Twelfth and Somerset Streets. Co-defendant Gregory Nash drove the Pontiac, with co-defendant Vincent McClenny in the front passenger seat, and the Defendant, Tyreese Scott, in the rear passenger seat. N.T. 10/5/2016 at 17–25, 40–45, 77–79.

Officers Santulli and Nolan turned left on Somerset, where they followed the Pontiac westbound and shined a spotlight into its rear windshield. As the light shone, Officer Nolan observed the Defendant holding a silver barreled handgun, which he attempted to conceal in the light housing inside the roof of the car. Upon seeing the gun, the officers activated their lights, and a chase ensued. *Id.* at 25–27, 45–49.

---

[6] This Court imposed no further penalty for Possession of Marijuana.

The Defendant's vehicle turned southbound towards Lehigh Avenue, where it turned eastbound towards Ninth Street, a northbound one-way street. With Officers Santulli, Nolan, Waddell, and Medina now in pursuit, the Pontiac turned southbound on Ninth Street, and travelled the wrong way before making a sudden left turn on Norris Street. There, the Defendant, Nash, and McClenny exited the vehicle and attempted to evade the police by foot. After a brief chase, Sergeant Medina apprehended the Defendant, while Officers Santulli and Nolan apprehended Nash and McClenny, respectively. *Id.* at 26–33, 49–57, 81–86.

After arresting McClenny, Officer Nolan returned to the Pontiac and looked into the light housing in the rear of the vehicle, where he observed three pistols hidden inside. Detective Richard Bova, the assigned detective in this matter, received a search warrant for the Pontiac and recovered a loaded black Glock 26 40-caliber, a Ruger P-89 9mm, and a Ruger P-95 9mm handgun, along with thirteen small plastic baggies of marijuana. Officer Lawrence Flager of the Firearms Investigative Unit examined each pistol and determined that they were operable. *Id.* at 57–59, 102–104, 109–112.

At trial, the Commonwealth presented a Certificate of Non-Licensure indicating that the Defendant did not have a valid license to possess a firearm at the time of the incident, and the parties stipulated that the Defendant had a prior enumerated felony conviction for the purposes of VUFA 6105. *Id.* at 113–114.

The Defendant elected to take the stand and testified that he owned the 2004 Pontiac Grand Prix used in the chase, that he drove the vehicle, that he knew that his co-defendants were armed, but that he did not carry a firearm that night. *Id.* 116–119.

3

III.    DISCUSSION

The Defendant raises four issue for review, alleging that: (1) the Commonwealth presented insufficient evidence to support the verdict; (2) the verdict was against the weight of the evidence; (3) this Court abused its discretion in permitting the Commonwealth to introduce evidence of the Defendant's gang affiliation during the sentencing hearing; and (4) this Court imposed an unreasonable, excessive sentence.

Evidence is sufficient to sustain a conviction when, viewed in the light most favorable to the Commonwealth as verdict winner, the evidence and all reasonable inferences drawn therefrom support the finding of all the elements of an offense beyond a reasonable doubt. *Commonwealth v. Mattison*, 82 A.3d 386, 392 (Pa. 2013) (*citing Commonwealth v. Montalvo*, 956 A.2d 926, 932 (Pa. 2008)). In applying this standard, Pennsylvania courts acknowledge that "the Commonwealth may sustain its burden by means of wholly circumstantial evidence." *Montalvo*, 956 A.2d at 932 (*citing Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008)). The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence, as any doubts regarding a defendant's guilt may be resolved by the fact finder unless the evidence is so inconclusive that, as a matter of law, no probability of guilt may be drawn. *Commonwealth v. Devine*, 26 A.3d 1139, 1145 (Pa. Super. 2011) (*quoting Commonwealth v. Jones*, 874 A.2d 108, 120–121 (Pa. Super. 2005)). The fact finder is free to believe all, part, or none of the evidence. *Id.*

To sustain a conviction for Possession of a Firearm Prohibited, the Commonwealth must prove that a defendant possessed a firearm and was previously convicted of an offense enumerated in 18 Pa.C.S. § 6105(b). *Commonwealth v. Williams*, 911 A.2d 548, 550–551 (Pa. Super. 2006).

4

Possession may be proved entirely through circumstantial evidence. *Commonwealth v. Buford*, 101 A.3d 1182, 1189–1190 (Pa. Super. 2014).

To convict a defendant of Carrying a Firearm Without a License, the Commonwealth must prove beyond a reasonable doubt that: (1) the weapon was a firearm; (2) the firearm was unlicensed; and (3) the firearm was carried in a vehicle or concealed on or about the defendant's person, outside his home or place of business. *Commonwealth v. Coto*, 932 A.2d 933, 939 (Pa. Super. 2007) (*citing Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004)); 18 Pa.C.S. § 6106(a)(1). A person is prohibited from carrying a firearm on a public street in Philadelphia unless that person holds a valid license or is exempt from licensing under 18 Pa.C.S. § 6106(b). 18 Pa. C.S. § 6108.

At trial, Officer Nolan testified that he witnessed the Defendant hold a silver barreled firearm and raise it towards the ceiling of a motor vehicle that he owned and was driven by the co-defendant Nash on public streets in Philadelphia. N.T. 10/5/2016 at 46–48. After a car chase, Officer Nolan later discovered that same firearm concealed in a light fixture housing, along with two other pistols. *Id.* at 58–59. The Commonwealth presented a Certificate of Non-Licensure indicating that the Defendant did not have a license to carry a firearm on February 17, 2014, and the parties stipulated that the Defendant had been previously convicted of a felony rendering him ineligible to possess a firearm. *Id.* at 113–114. This evidence is sufficient to support the Defendant's VUFA 6105, 6106, and 6108 convictions.

To sustain a conviction for Criminal Conspiracy, the Commonwealth must establish that the Defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy. *Commonwealth v. McCall*, 911 A.2d 992, 996 (Pa. Super. 2006) (*citing*

5

*Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa. Super. 2000)). An explicit or formal agreement to commit crimes can seldom, if ever, be proved, but a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. *Commonwealth v. Perez*, 931 A.2d 703, 708–709 (Pa. Super. 2007); *Commonwealth v. Jones*, 874 A.2d 108, 121–122 (Pa. Super. 2005).

The Defendant was a passenger of a vehicle with two of his co-defendants when Officer Nolan observed him attempt to conceal a firearm in the light fixture of the vehicle's ceiling. N.T. 10/5/2016 at 46–47. After a car chase and the Defendant's arrest, police officers searched the Defendant's vehicle and discovered three firearms, one for each person in the car. *Id.* at 99–103. After electing to testify, the Defendant told this Court that he knew his co-defendants were armed, and initiated the high speed chase to avoid gun charges. *Id.* at 118–119.

To convict a defendant for Possessing Marijuana, the Commonwealth must prove that the Defendant knew that the marijuana was in a motor vehicle or that he intended to possess or exercise control of it. 35 P.S. § 780-113(a)(31). Under the doctrine of constructive possession, the intent to exercise control or a conscious dominion over the marijuana may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish possession. *Commonwealth v. Harvard*, 64 A.3d 690, 699 (Pa. Super. 2013).

At trial, the Defendant testified that he owned the Pontiac where the marijuana was found. N.T. 10/5/2016 at 121. Minutes before his arrest, police observed the Defendant, sitting in the rear passenger seat, reach into the light housing where the marijuana was stored. *Id.* at 47–48. Even if this Court believed the Defendant's testimony that he drove the Grand Prix that night, this Court would still find that the Defendant constructively possessed the marijuana, as the light housing

6

was situated between the front driver and passenger seats, thus easily accessible to him. The evidence is sufficient to support a Possession of Marijuana conviction.

Defendant next claims that this court erred in denying his weight of the evidence claim. A defendant is not entitled to a new trial based on a weight of the evidence claim unless the verdict "is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Diggs*, 949 A.2d 873, 879 (Pa. 2008). Appellate review is limited to whether the trial judge palpably abused its discretion in denying the appellant's motion for a new trial. *Id.* As such, a "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Id.* at 879-80.

The Defendant's weight claim must fail. Officer Nolan observed the Defendant hold a silver-barreled pistol and conceal it in a light fixture on the ceiling of his vehicle. After the Defendant's arrest, Officer Nolan examined the vehicle and discovered three firearms in plain sight, one for each person in the car. Further search of the vehicle after a warrant was issued turned up marijuana hidden in the same compartment. The Defendant himself testified that he owned the vehicle and stipulated that he had previously been convicted of an enumerated felony prohibiting him from possessing a firearm. The Commonwealth presented a certificate of non-licensure indicating that the Defendant did not have a license to carry a firearm on the night of the incident. The Defendant further testified that he knew his co-defendants Nash and McClenny were armed, and that they ran from police to avoid gun charges. N.T. 10/5/2016 at 118–119. Because the verdict did not shock one's sense of justice, the Court did not abuse its discretion in denying the Defendant's weight of the evidence claim.

The Defendant argues that this Court erred in allowing the Commonwealth to introduce evidence relating to a shooting and his alleged gang-affiliation at sentencing, because the evidence

7

was irrelevant and overly prejudicial. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Pa.R.E. 401. Evidence of motive, intent, or absence of mistake is relevant and admissible during penalty phase hearings. *Commonwealth v. Travaglia*, 28 A.3d 868, 882 (Pa. 2011).

During the sentencing hearing, Officer Gregory Wallace testified that, on the night of the Defendant's arrest, a gang-related shooting occurred between members of rival gangs located at Thirteenth and Cambria Streets and Tenth and Thompson Streets, respectively. N.T. 12/12/2016 at 10–11. Officer Wallace further testified that the Defendant was associated with the Tenth and Thompson Street gang. *Id.* The evidence of the Defendant's alleged gang-affiliation was admissible during sentencing because it explained his motive for driving a vehicle in that area of Philadelphia armed with a pistol. The Defendant's claim is without merit.

The Defendant finally claims that this Court abused its discretion by imposing an unreasonable, excessive sentence. In furnishing a sentence, a trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense [. . .] and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Sentencing is a matter vested in the sound discretion of the trial court, and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (*citing Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007)). An abuse of discretion is not merely an error in judgment, but the defendant must establish that the sentencing court misapplied the law or exercised its judgment for reasons of partiality, prejudice, bias, or ill-will, or arrived at a manifestly unreasonable decision. *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003).

8

In imposing a sentence of confinement, a court shall consider the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). Where the trial court is informed by a presentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that its discretion should not be disturbed. *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa. Super. 2017) (*citing Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009)).

This Court imposed a reasonable, standard range sentence. Before sentencing, this Court reviewed the Defendant's presentence and mental health reports, which revealed that the Defendant had a prior record score of RFEL. Since the weapon was loaded, VUFA 6105 carries an offense gravity score of ten, with a standard range of sentences falling between seventy-two and eighty-four months of imprisonment. The Defendant's VUFA 6106 and Conspiracy charges carried an offense gravity score of nine, with a standard range of sixty to seventy-two months; his VUFA 6108 charge carried an offense gravity score of five, with a standard range of twenty-four to thirty-six months; and his Possession of Marijuana charge carried an offense gravity score of one, with a standard range of three to six months.

After hearing argument from both the Commonwealth and the Defendant, this Court imposed a mitigated range sentence of five to ten years imprisonment for VUFA 6105 and an outside-below range sentence of one to two years imprisonment plus five years of reporting probation for Conspiracy, for a total sentence of six to twelve years imprisonment followed by five years of reporting probation.[7] This Court's sentence falls well below the statutory maximum of fifteen to thirty years of imprisonment, and two years below the Commonwealth's recommended

---

[7] The five year reporting probation periods for VUFA 6106 and 6108 are wholly concurrent. This Court imposed no further penalty for Possession of Marijuana.

9

sentence of eight to sixteen years. The Defendant fails to demonstrate how this Court imposed a manifestly excessive sentence, or otherwise acted inconsistently with the sentencing code. This Court's discretion should not be disturbed.

For the foregoing reasons, the decision of this Court should be affirmed.

BY THE COURT,

_____

DONNA M. WOELPPER, J.