J-A16023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

      v.

JULIAN VINCENT CROSBY

      Appellant

: IN THE SUPERIOR COURT OF
:       PENNSYLVANIA

: No. 1793 MDA 2018

Appeal from the Judgment of Sentence Entered August 20, 2018
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000030-2018

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:           **FILED JULY 17, 2019**

Julian Vincent Crosby (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of conspiracy to deliver heroin, criminal use of a communication facility, and possession of heroin.[1] Upon review, we affirm.

The trial court stated:

A summary of the [trial] testimony, in a light most favorable to the Commonwealth, shows that Co-Conspirator Barzona had contact with [Appellant] earlier in the day on September 1, 2017. Co-Conspirator Barzona met [Appellant] in the City of Lock Haven at approximately 11:00 a.m., at which time [Appellant] provided Co-Conspirator Barzona with heroin to sell while [Appellant] was out of town and indicating [Appellant] would provide Co-Conspirator Barzona with instructions later. Co-Conspirator Barzona testified that she received a phone call from [Appellant] in the afternoon hours at which time [Appellant] instructed her to

---

[1] 18 Pa.C.S.A. § 903, 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 7512(a), and 35 P.S. § 780-113(a)(16).

---

* Former Justice specially assigned to the Superior Court.

sell Commonwealth Witness Conrad five (5) packets of heroin for Fifty—($50.00)—Dollars. Co-Conspirator Barzona testified that she followed the instructions by providing Commonwealth Witness Conrad with five (5) packets of heroin who, in exchange, provided her with Forty-five—($45.00)—Dollars.

While under law enforcement observation, Co-Conspirator Barzona placed a phone call to [Appellant] on [Appellant's] cell phone. [Appellant] answered the cell phone at which time Co-Conspirator Barzona advised that Commonwealth Witness Conrad had only given her Forty-five—($45.00)—Dollars instead of the agreed upon Fifty—($50.00)—Dollars. [Appellant] told Co-Conspirator Barzona not to worry about the Five—($5.00)—Dollars and indicated that he would meet up with Co-Conspirator Barzona later. The next morning [Appellant] arrived at Co-Conspirator Barzona's home.

Commonwealth Witness Conrad testified that earlier in the week he placed a call to [Appellant] inquiring about purchasing heroin. [Appellant] told Commonwealth Witness Conrad to call the "bitch", indicating Co-Conspirator Barzona. Commonwealth Witness Conrad met up later with Co-Conspirator Barzona and gave her Fifty—($50.00)—or Sixty—($60.00)—Dollars for four (4) yellow bags and owed money.

Trial Court Opinion, 12/6/18, at 3-4 (unnumbered).

The jury convicted Appellant of three crimes: conspiracy to deliver heroin, criminal use of a communication facility, and possession of heroin. On August 20, 2018, the trial court sentenced Appellant to an aggregate 45 to 96 months of incarceration. Appellant filed a post-sentence motion which the trial court denied on October 5, 2018. Appellant filed a timely appeal on October 29, 2018. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents four issues on appeal:

1. WHETHER THE COMMONWEALTH FAILED TO PRODUCE EVIDENCE TO ESTABLISH ALL OF THE ELEMENTS OF A CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE AND POSSESSION OF A CONTROLLED SUBSTANCE?

2. WHETHER THE COMMONWEALTH FAILED TO PRODUCE EVIDENCE TO ESTABLISH ALL ELEMENTS OF CRIMINAL USE OF A COMMUNICATION FACILITY?

3. WHETHER THE VERDICT IS AGAINST THE WEIGHT OF THE EVIDENCE?

4. WHETHER THE COURT ERRED IN ADMITTING INTO EVIDENCE A CONSENSUAL TAPE RECORDED CONVERSATION?

Appellant's Brief at 4.

In his first two issues, Appellant assails the sufficiency of the evidence with regard to his conspiracy to deliver heroin and criminal use of a communications facility convictions. Our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Roberts***, 133 A.3d 759, 767 (Pa. Super. 2016) (citation omitted).

Appellant argues that the evidence was insufficient to support his conspiracy to deliver heroin conviction because the Commonwealth did not "produce any evidence that [Appellant] took any affirmative step to assist in a drug delivery." Appellant's Brief at 8. Appellant asserts that "an addict called [Appellant] asking if he knew where he could obtain drugs. As a friendly gesture of accommodation, [Appellant] provided the addict of the name of an individual who subsequently made a delivery to the addict." ***Id.*** Appellant claims that the Commonwealth failed to show any agreement between Appellant and Ms. Barzona to deliver the heroin, and no act by Appellant "to help achieve the goal of conspiracy." ***Id.*** at 10. Appellant emphasizes that the evidence merely shows that his "involvement was [no] more than an accommodation to his friend Conrad." ***Id.*** The record does not support this argument.

The Crimes Code defines conspiracy as follows:

A person is guilty of conspiracy with another person . . . to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903.

With regard to the delivery of heroin, we have explained:

> The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> * * *
>
> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.
> 35 P.S. § 780–113(a)(30).
>
> "To establish the offense of possession of a controlled substance with intent to deliver, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it." **Commonwealth v. Kirkland**, 831 A.2d 607, 611 (Pa. Super. 2003), *appeal denied,* 577 Pa. 712, 847 A.2d 1280 (2004). The intent to deliver can be inferred from an examination of the surrounding facts and circumstances. **Id.** (citing **Commonwealth v. Conaway**, 791 A.2d 359, 362–63 (Pa. Super. 2002)).

**Commonwealth v. Perez**, 931 A.2d 703, 707–08 (Pa. Super. 2007).

Circumstantial evidence may provide proof of conspiracy. **Id.** at 708. The conduct of the parties and the circumstances surrounding such conduct may create a "web of evidence" linking the accused to the alleged conspiracy beyond a reasonable doubt. **Id.** Additionally:

> An agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

*Id.* *citing* **Commonwealth v. Jones**, 874 A.2d 108, 121–22 (Pa. Super. 2005). "While the Commonwealth is not required to prove a written or express agreement, a tacit agreement must be established by reasonable inferences arising from the facts and circumstances and not by mere suspicion or conjecture." **Perez**, 931 A.2d at 708. Circumstances like an association between alleged conspirators, knowledge of the commission of the crime, presence at the scene of the crime, and/or participation in the object of the conspiracy, are relevant when taken together in context, but individually each is insufficient to prove a conspiracy. *Id.* at 708-09.

Instantly, the testimony of Ms. Barzona contradicts Appellant's claim that he and Ms. Barzona did not share an agreement to deliver heroin. Ms. Barzona stated that she physically "picked up" heroin from Appellant, who told her he was going out of town, and later that day, called Ms. Barzona on her land line and instructed her to deliver five packets of the heroin to Scott Conrad. N.T., 8/10/18, at 41-42. As the trial court explained, the jury chose to believe Ms. Barzona's testimony, which was sufficient to show that Appellant conspired with Ms. Barzona to deliver heroin. Trial Court Opinion, 12/6/18, at 3 (unnumbered).

With regard to Appellant's conviction for criminal use of a communication facility, Appellant argues that "the evidence fails to establish that after Conrad contacted [Appellant,] that [Appellant] contacted Barzona to complete the transaction." Appellant's Brief at 12. Appellant states "the

telephone call evidence testimony of Conrad refutes any suggestion that he contacted [Appellant] to arrange a delivery of heroin." *Id.* at 12-13. As noted by the trial court, Appellant's argument "is not an accurate representation of the Commonwealth's evidence." Trial Court Opinion, 12/6/18, at 5 (unnumbered).

The relevant statute provides:

**(a)** **Offense defined.--**A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

* * *

**(c)** **Definition.--**As used in this section, the term "communication facility" means a public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part, including, but not limited to, telephone, wire, radio, electromagnetic, photoelectronic or photo-optical systems or the mail.

18 Pa.C.S.A. § 7512 (footnote omitted).

Ms. Barzona's testimony reads, in relevant part, as follows:

[COMMONWEALTH]: Did [Appellant] give you any instructions with regard to that heroin?

[BARZONA]: Yes.
. . .

[COMMONWEALTH]: Did [Appellant] say why he was giving you the heroin that particular day?

- 7 -

[BARZONA]:              He was going out of town.

[COMMONWEALTH]:         Sometime later that day, **did you receive a phone call from [Appellant]**?

[BARZONA]:              **Yes.**

[COMMONWEALTH]:         Where were you when you got that call?

[BARZONA]:              My house.

[COMMONWEALTH]:         What type of phone did you have at the time?

[BARZONA]:              A land line.

. . .

[COMMONWEALTH]:         And did you have caller I.D. on your phone?

[BARZONA]:              Yes.

[COMMONWEALTH]:         So are you sure that when he called you, that was him that called you?

[BARZONA]:              Yes.

[COMMONWEALTH]:         **What did [Appellant] tell you in this first phone call?**

[BARZONA]:              **He told me that Conrad would be calling me to come and get stuff, and I'm supposed to meet him and give him stuff.**

N.T., 8/10/18, at 41-42 (emphasis added).

Based on this testimony, the evidence was sufficient for the jury to find that Appellant was guilty of criminal use of a communication facility.

In his third issue, Appellant assails the weight of the evidence, which pursuant to Pa.R.Crim. 607, Appellant preserved in his post-sentence motion, and which the trial court subsequently denied. This Court recently reiterated:

> When reviewing a challenge to the weight of the evidence, we review the trial court's exercise of discretion. A reversal of a verdict is not necessary unless it is so contrary to the evidence as to shock one's sense of justice. The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses. The fact-finder also has the responsibility of resolving contradictory testimony and questions of credibility. We give great deference to the trial court's decision regarding a weight of the evidence claim because it had the opportunity to hear and see the evidence presented.

**Commonwealth v. Roane**, 204 A.3d 998, 1001 (Pa. Super. 2019) (citations omitted).

In challenging the weight of the evidence, Appellant attempts to impugn the trial testimony of Ms. Barzona by referencing the police discovery of heroin and drug paraphernalia in Ms. Barzona's purse, and the fact that Ms. Barzona testified to being "an admitted heroin user." Appellant's Brief at 13-14. Conversely, Appellant references the testimony of Scott Conrad, specifically citing Mr. Conrad's testimony that Appellant "told him to try Barzona" for heroin. **Id.** at 14. Appellant's weight claim is meritless.

The trial court explained:

> [Appellant] is essentially requesting that this Court reassess the credibility of the testimony of the witnesses, specifically the co-conspirator [Ms. Barzona], and other evidence and determine that the overall evidence is contrary to the verdict of guilty.

* * *

- 9 -

In the instant matter, the jury was free to believe all, part or none of the evidence. In the instant matter, the jury chose to believe the testimony of the Co-Conspirator, Kimberly Barzona . . .

* * *

Based on the testimony of Co-Conspirator Barzona and Commonwealth Witness Conrad, the evidence can certainly not be characterized as determinative or incontrovertible. The jury was free to accept the testimony of the Commonwealth's witnesses, which it clearly did in the matter at bar. The verdict rendered by the jury was clearly not contrary to the weight of the evidence or inconsistent with the weight of the evidence.

Trial Court Opinion, 12/6/18, at 3-5. Upon review, we agree; Appellant's weight claim does not merit relief.

Finally, Appellant takes issue with the trial court's admission, over Appellant's objection on the basis of relevancy, of the "consensually recorded phone call" between Appellant and Ms. Barzona. Appellant's Brief at 15. Appellant recognizes that the admission of evidence "is at the sound discretion of the trial court." *Id.* However, Appellant argues:

Nowhere in the phone call is there any discussion of Barzona making a delivery of heroin or that [Appellant] provided her with heroin. The only testimony is that Conrad gave her $45.00 as opposed to $50.00.

The telephone call does not make any fact more likely believable than not and therefore, the Court erred in permitting the Commonwealth to play the consensually recorded conversation.

*Id.* at 16.

The Commonwealth counters that the playing of the recording was relevant because it "clearly established the elements of the Criminal Use of a

- 10 -

Communication Facility, and assisted in the proof of the elements of the Conspiracy to Deliver a Controlled Substance offense." Commonwealth Brief at 8-9. Consistent with the Commonwealth's position, the trial court opined:

> [I]t is also extremely clear that the recorded conversation, which was permitted to be played for the jury, was more than relevant to the nature of the crimes charged, specifically, Count 2 of the Information, Conspiracy to Deliver a Controlled Substance. The conversation at issue was conducted under the supervision of law enforcement, involved Co-Conspirator Barzona and [Appellant], and provided the jury an opportunity to tie together the actions of Co-Conspirator Barzona with the instructions of [Appellant] which took place in the phone call. [Appellant] specifically responded to Co-Conspirator Barzona's assertion that Commonwealth Witness Conrad had shorted [Appellant] by Five—($5.00)—Dollars, instructing Co-Conspirator Barzona "don't worry about the $5.00."

Trial Court Opinion, 12/6/18, at 5 (unnumbered).

Once again, the trial court's reasoning is supported by the record. In the absence of any error by the trial court, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/17/2019

- 11 -